**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2028-22

DISCOVER BANK,

     Plaintiff-Respondent,

v.

CHRYSSOULA ARSENIS,

     Defendant-Appellant.

_____

Argued May 22, 2024 – Decided July 30, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-000755-21.

Chryssoula Arsenis, appellant, argued the cause pro se.

Donald V. Valenzano, Jr. argued the cause for respondent (Pressler, Felt & Warshaw, LLP, attorneys; Donald V. Valenzano, Jr. and Michael J. Peters, on the brief).

PER CURIAM

In this debt collection action, defendant appeals from the December 23, 2022 order entering judgment for plaintiff and the March 6, 2023 order denying her motion for reconsideration. We affirm.

Plaintiff filed a complaint seeking judgment against defendant after she defaulted on her credit card account. The Special Civil Part Clerk sent the complaint by mail to 65 Mountain Blvd., Unit 207, Warren, New Jersey. Thereafter, the "Customer Assistance Group" of the Speech & Language Center, LLC located at the Mountain Blvd address sent a letter to plaintiff's counsel stating:

> Please be advised that Speech and Language Center, L.L.C is in receipt of the legal case Docket NO. SOM-DC-000755-21 Civil Action involving your Legal Firm.
>
> It would be greatly appreciated if you cease, and halt serving irrelevant or personal matters to a business entity, such as Speech and Language Center, L.L.C.

The unsigned letter carbon copied the Somerset Civil Division. The certified mail had a sticker that stated "ATTEMPTED—NOT KNOWN." The envelope also had writing on it that stated "<u>REFUSED</u>" and "return to sender." The Special Civil Part deemed the service effective.

After receiving the anonymous letter, plaintiff found a residential address for defendant and asked the Special Civil Part to vacate the effective service and

2

serve the complaint on defendant at 6 Quail Run, Warren, New Jersey. Tax assessment records indicated defendant was the sole and current owner of the property. The court granted the application.

The clerk served the complaint by regular and certified mail to the Quail Run address on September 28, 2021[1] but both were returned with a postal sticker stating "ATTEMPTED—NOT KNOWN." The court dismissed the case for lack of service in November 2021.

In April 2022, plaintiff moved to vacate the dismissal and deem the September 28, 2021 service effective. In addition to the above-described information regarding attempted service, plaintiff advised the court it had sent a letter to defendant at the Quail Run address via FedEx and the delivery was successful. In addition, plaintiff had not been notified defendant had changed her address.

The court granted the motion on May 17, 2022, vacating the dismissal and deeming service effective on September 28, 2021 at the Quail Run address. Plaintiff sent the order to defendant via regular and certified mail. Both items were refused. Defendant did not answer the complaint.

---

[1] This appears to be a typographical error in the pleading. Per the USPS Tracking notes, the certified mail was delivered September 29, 2021.

In November 2022, plaintiff moved for the entry of default judgment. Defendant responded by objecting to the motion, stating she was never served with the complaint. Defendant listed the Quail Run address as her address on the answer and asserted she received the motion for entry of default judgment at that address. Her listed email was speechandlanguage@gmail.com.

Judge Haekyoung Suh granted the motion on December 5, 2022, noting the court could not consider defendant's objection because she was in default. Judgment was entered against defendant for $12,279.41.

Thereafter, defendant moved to vacate default, reiterating she was not served with the complaint. Judge Suh denied the motion on December 23, 2022. In a cogent statement of reasons, Judge Suh stated:

> Court records and plaintiff's certifications reflect that, despite initial issues with mailing, the summons and complaint were mailed and delivered to defendant's home address on September 29, 2021 via regular and certified mail. At oral argument plaintiff's counsel confirmed that the summons and complaint, as well as the May 20, 2022 [o]rder were served by regular and certified mail to defendant. Although certified mail was not signed for by defendant, the regular mail was not returned. Accordingly, plaintiff's service complied with the Court Rules and was proper. Defendant does not dispute that she resides at the mailing address of 6 Quail Run, Warren, New Jersey, now or at the date of mailing. Defendant's mere contention that she did not sign for the certified mail is of no moment. The absence of defendant's signature on the certified mailing card is

not evidence of defective service and does not rebut the presumption of proper service by regular mail.

The judge further noted defendant had not proffered a meritorious defense to the complaint as required under Rule 4:50-1(a) to vacate judgment. Nor had defendant demonstrated exceptional circumstances to permit relief from the judgment under Rule 4:50-1(f).

Judge Suh denied defendant's subsequent motion for reconsideration on March 6, 2023. In a written statement of reasons, Judge Suh stated:

> Defendant has not articulated any basis upon which this court erred or failed to appreciate the significance of probative evidence. This court thoroughly investigated defendant's contention that there was a lack of service and confirmed the service was properly effectuated. While the summons and complaint were initially served at an employer's address, plaintiff filed a certification of service dated May 25, 2021 confirming the summons and complaint were re-served on defendant at 6 Quail Run, Warren, New Jersey. The certified mail tracking number in eCourts confirmed that the summons and complaint mailed via USPS certified mail were delivered to defendant's home address at 6 Quail Run, Warren, New Jersey 07059 on September 29, 2021 at 6:16 p.m. Defendant has not identified any new evidence that was not available at the time this court denied defendant's motion to vacate. Nor has defendant presented a meritorious defense. Defendant focuses on lack of service and violating due process rights ignoring entirely the May 17, 2022 determination of service. Finding that defendant has not satisfied the

requirements under R[ule] 4:49-2, defendant's motion for reconsideration is denied.

On appeal, defendant contends the court erred in denying her motion to vacate default judgment and in denying her motion for reconsideration because she was not served with the summons and complaint.

We review both orders for an abuse of discretion. As our Supreme Court has stated, a trial court's decision under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

We apply the same standard to a trial court's determination of a motion for reconsideration. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). An abuse of discretion occurs "when a decision is '"made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123-24 (2007)).

Based on our review of the record and applicable law, we deem defendant's arguments without merit. They do not warrant any further discussion beyond the comments set forth in Judge Suh's written opinions of December 23, 2022, and March 6, 2023. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2028-22